[No. 709.   Decided October 25, 1892.]

THE STATE OF WASHINGTON, *on the relation of Melinda C. Benham*, v. J. M. ARMSTRONG, *Clerk of the Superior Court of Spokane County, Washington.*

MANDAMUS — REFUSAL OF CLERK TO TRANSMIT TRANSCRIPT — DEFECTIVE APPEAL BOND.

Mandamus will lie to compel the clerk of the superior court to transmit a transcript on appeal which he withholds on the ground that the appeal bond is defective, as, under Code Proc., § 1421, the supreme court alone has power to pass upon the sufficiency of the bond.

*Original Application for Mandamus.*

*Prather & Danson*, and *Turner, Graves & McKinstry*, for relator.

*H. M. Herman*, for respondent.

The opinion of the court was delivered by

Scott, J.—This is an application for a writ of *mandamus* commanding the respondent as clerk of the superior court of Spokane county to transmit to this court the transcript on appeal in the case of Frank Grippen against the relator. The superior court rendered a judgment in said case against the relator, and she gave a notice of appeal. The amount of the bond to be given was fixed by the superior court, whereupon a bond was given by the appellant, with sureties, who justified thereon. Plaintiff filed objections to the bond because of alleged insufficiency of the security, and the clerk refused to send the transcript for that reason, and because he was not satisfied of the sufficiency of the same.

The law as it now stands does not require the appeal bond to be approved by the clerk, as was formerly necessary. Probably this was due to an oversight, as it is eminently proper that such a bond should be approved by an officer of the lower court, at least primarily. Section 1421 of the Code of Procedure provides that if the respondent believes the bond defective, or the sureties insufficient, he may move the supreme court to discharge the same, etc. And this seems to be the only means provided by which the respondent on appeal may contest the sufficiency of the bond given. Such being the law the application of the relator must be granted, and the writ will issue commanding the respondent to certify the transcript to this court.

ANDERS, C. J., and STILES, HOYT and DUNBAR, JJ., concur.